### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **SOMONE WIMBLEY, LISA MCDANIEL** | § | |
| **JASMINE MITCHELL, and ASHLEIGH** | § | |
| **MILLS, individually and on behalf of** | § | |
| **all others similarly situated,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION** |
| | § | |
| **SIRDAH ENTERPRISES, INC. d/b/a/** | § | **NO. _____** |
| **TABOO2 BAR & BISTRO, CHERI DIXON,** | § | |
| **THOMAS  DIXON, ISMAIL SIRDAH,** | § | |
| **DARTEZ L. DANIEL and JOHN DOES 1-10,** | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT

COMES NOW the Plaintiffs, Somone Wimbley ("Wimbley"), Lisa McDaniel ("McDaniel"), Jasmine Mitchell ("Mitchell") and Ashleigh Mills ("Mills")(collectively "Plaintiffs"), by and through their undersigned counsel, and file this Complaint as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1.

This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for Defendants' willful failure to pay Plaintiffs and other similarly situated employees earned minimum wages.  Defendant Sirdah Enterprises Inc. and, on information and belief, together with other entities or individuals, owns and/or operates Taboo2 Bar & Bistro, a restaurant and nightclub in the Atlanta, Georgia suburb of Sandy Springs. Plaintiffs and the class they represent are current or former employees of Defendants.

Defendants routinely violated numerous federal and state wage and hour laws with respect to their workers.  For example, Defendants did not pay the Plaintiffs or any of the similarly situated employees any wages whatsoever, but instead forced them to rely solely on tips from customers for remuneration.  This is a Company-wide policy reaching all levels of ownership and management.  In fact, on information and belief, the Defendants systematically sought to hide the existence of their employees including Plaintiffs and the similarly situated employees by, among other things: (1) not reporting the employees to the Georgia Department of Labor or Department of Revenue; (2) not identifying the employees for purposes of unemployment insurance; (3) no providing the employees with a

Georgia Separation Notice upon leaving their employment; (4) seeking to discourage the employees from filing for unemployment with the Georgia Department of Labor which would otherwise reveal the employees' existence; (5) not displaying certain minimum wage and overtime notices as required by law; and (6) not following the record-keeping requirements of the FLSA.

**PARTIES**

2.

Plaintiffs bring this lawsuit on their own behalf and on behalf of all those similarly situated against Defendants Sirdah Enterprises, Inc. d/b/a/Taboo2 Bar & Bistro, Cheri Dixon, Thomas Dixon, Ismail Sirdah, Dartez L. Daniel and John Does 1-10 whose present identities are not currently known, to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.  Plaintiffs hereby file with the Court their "Opt-in Consents" to join this collective action under 29 U.S.C. § 216(b) by attaching them hereto as Appendix A.

3.

Plaintiff Wimbley resides in this judicial district and has worked for Defendants at Taboo2 Bar & Bistro within this judicial district as a server, during portions of the period beginning three years prior to the filing date of this

Complaint (the "relevant period").

4.

Plaintiff McDaniel resides in this judicial district and has worked for Defendants at Taboo2 Bar & Bistro within this judicial district as a server within the relevant period.

5.

Plaintiff Mitchell resides in this judicial district and has worked for Defendants at Taboo2 Bar & Bistro within this judicial district as a server within the relevant period.

6.

Plaintiff Mills resides in this judicial district and has worked for Defendants at Taboo2 Bar & Bistro within this judicial district as a server and bartender within the relevant period.

7.

Plaintiffs bring this action both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of Taboo2 Bar & Bistro's current and former servers and bartenders who work or worked for Defendants at Taboo2 Bar & Bistro (collectively, the "Similarly Situated Employees").

8.

Sirdah Enterprises, Inc. d/b/a Taboo2 Bar & Bistro ("Sirdah Enterprises" or "Taboo2 Bar & Bistro") is a Georgia corporation with its principle place of business located at 6075 Roswell Road, Sandy Springs, Georgia 30328. It may be served with process through its registered agent,  Ismail Sirdah, 6075 Roswell Road, Sandy Springs, Georgia 30328.  It is an owner of Taboo2 Bar & Bistro, which is also located at 6075 Roswell Road, Sandy Springs, Georgia, 30328.

9.

Defendant Cheri Dixon is an owner and manager of Taboo2 Bar & Bistro, and is involved in the day-to-day operations of Taboo2 Bar & Bistro, including the policies that give rise to Plaintiffs' claims. She reaps some of the profits gained by Taboo2 Bar & Bistro as a result of its illegal pay practices.

10.

Defendant Thomas Dixon is an owner and manager of Defendant Taboo2 Bar & Bistro, and is involved in the day-to-day operations of Taboo2 Bar & Bistro, including the policies that give rise to Plaintiffs' claims.  He reaps some of the profits gained by Taboo2 Bar & Bistro as a result of its illegal pay practices.

11.

Defendant Ismail Sirdah is the Chief Executive Officer of Sirdah

Enterprises, is an owner and manager of Defendant Taboo2 Bar & Bistro, and is involved in the day-to-day operations of Taboo2 Bar & Bistro, including the policies that give rise to Plaintiffs' claims. He reaps some of the profits gained by Taboo2 Bar & Bistro as a result of its illegal pay practices.

12.

Defendant Dartez Daniel is a manager of Defendant Taboo2 Bar & Bistro, and is involved in the day-to-day operation of Taboo2 Bar & Bistro, including the policies that give rise to Plaintiffs' claims.

13.

John Does 1-10 are entities or individuals that, on information and belief, jointly employed Plaintiffs along with Defendant Sirdah Enterprises and who also controlled the decisions that are at issue in the matter and whose identities are currently unknown to Plaintiffs.

**JURISDICTION AND VENUE**

14.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

15.

The Defendants employed Plaintiffs and others in this judicial district. Defendant Sirdah Enterprises, Inc.  is registered to transact business in the State of Georgia, and operates from 6075 Roswell Road,  Sandy Springs, GA 30328.

16.

At all relevant times hereto, Defendants were "employer[s]" as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 203(d).  Defendant Taboo2 Bar & Bistro is an "enterprise" as defined by the FLSA, and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. 203(s)(1).  Defendants' employees are engaged in interstate commerce and Defendant Taboo2 Bar & Bistro annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.  During the course of their employment by Defendants, Plaintiffs handled goods, including perishable produce and other food products that moved in interstate commerce and ran credit card purchases through interstate commerce.

**FACTS RELATED TO ALL COUNTS**

17.

Plaintiffs and the Similarly Situated Employees performed similar job duties during the relevant period and were subjected to similar pay practices while

employed by Defendants as servers and/or bartenders at Taboo2 Bar & Bistro.

18.

At all relevant times hereto, Plaintiffs were "employee(s)" of Defendants as defined by the FLSA 29 U.S.C. §§ 203(e) & 207(a).  Plaintiffs were not exempt from the minimum wage and overtime provisions of the FLSA.

19.

Plaintiffs and the Similarly Situated Employees regularly worked for Defendants as servers and/or bartenders at Taboo2 Bar & Bistro.

20.

Despite regularly working for Defendants as servers and/or bartenders at Taboo2 Bar & Bistro, neither Plaintiffs nor the Similarly Situated Employees received any remuneration from any of the defendants.

21.

Rather, Plaintiffs and the Similarly Situated Employees' sole remuneration through tips received from customers of Taboo2 Bar & Bistro.

22.

Despite the fact that Plaintiffs sole remuneration was through tips received from customers, some of the defendants regularly kept portions of the tips meant for Plaintiffs or otherwise caused them to contribute to an unlawful tip pool.

23.

Defendants had in place during the relevant period a centralized, common, uniformly applied illegal policy that provides that none of the plaintiffs or Similarly Situated Employees would receive payment for work, but instead would solely be compensated based on tips obtained from customers.

24.

All Defendants were aware of this illegal policy and enforced this illegal policy.

25.

Defendants profited from this illegal policy.

26.

Upon information and belief, Defendants have failed to properly report the wages of Plaintiffs and the Similarly Situated employees to the Georgia Department of Revenue and Georgia Department of Labor, but has instead sought to hide the existence and identity of its employees.

27.

Upon information and belief, Defendants failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of the Plaintiffs and the Similarly Situated Employees for the time

period required by law.

## COUNT 1 –FLSA INDIVIDUAL ACTION

### 28.

Plaintiffs incorporate herein the allegations contained in the preceding paragraphs.

### 29.

Defendants failed to pay Plaintiffs the wages owed to them under, and in the manner required by the FLSA for all of their hours worked during the relevant period. Additionally, Defendants unlawfully required Plaintiffs to contribute a portion of their tips to others or otherwise had portions of their tips taken.

### 30.

Defendants' violations of the FLSA as alleged herein were willful.

### 31.

Plaintiffs are entitled to recover their unpaid back pay at the statutory minimum wage, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## COUNT 2 -FLSA COLLECTIVE ACTION

### 32.

Plaintiffs incorporate herein the allegations contained in the preceding

paragraphs.

33.

Defendants failed to pay Plaintiffs and the Similarly Situated Employees the compensation owed to them under, and in the manner required by, the FLSA. Additionally, Defendants unlawfully required Plaintiffs to contribute a portion of their tips to others or otherwise had portions of their tips taken.

34.

Defendants' violations of the FLSA as alleged herein were willful.

35.

Plaintiffs and the Similarly Situated Employees are entitled to recover their back pay at the statutory minimum wage,  in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

1.    Award judgment in favor of Plaintiffs and the Similarly Situated employees that opt-in, and against Defendants;

2.    Award Plaintiffs and the Similarly Situated Employees their back pay at the statutory minimum amount of $7.25 per hour worked, an equivalent amount as

liquidated damages, and prejudgment interest for all hours worked during the time period beginning three years prior to the filing date of this Complaint or other applicable period of limitations, through the date of judgment;

3.      Award Plaintiffs and the Similarly Situated Employees their costs and attorney's fees; and

4.      Grant such further other and further relief as the Court finds just and proper in this action.

## JURY DEMAND

Plaintiffs on  behalf of themselves and all others similarly situated hereby demand a Jury Trial on all claims in the Complaint.

Respectfully submitted this 3rd day of October, 2012

THE GOLDEN LAW FIRM, LLC

***Peter G. Golden***
Peter G. Golden, Esq.
Georgia Bar No 299905
2727 Paces Ferry Road
Suite 1-225
Atlanta, GA 30339
(678) 710-8255 (telephone)
(678) 298-8396 (facsimile)

*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1.  This Complaint was prepared on a computer using the Times New Roman font (14 point).

This 3rd day of October, 2012.

_Peter G Golden_

Peter G. Golden
Georgia Bar. No 299905